Chaeles A. Loeeto, J.
The individual defendants move for an order pursuant to rule 102 of the Rules of Civil Practice requiring plaintiffs to make their complaint more definite and certain and to set forth whether the claimed agreements were oral or written, pursuant to rule 103 for an order striking out paragraph 26 of the complaint, and further for dismissal of the complaint pursuant to rule 106 (subds. 2, 4). Plaintiffs are grandsons of the deceased Joseph G-olding and the nephews of the defendants, who in turn are the sons of the said deceased. Plaintiffs’ father is also deceased. By the claimed agreement between the defendants and their deceased father, grandfather of plaintiffs, certain shares of the subject corporation were laid aside and all of the grandsons of the deceased upon their reaching maturity and the completion of their studies were to share equally in the management, ownership, and profits of the corporation.
This action is brought for a declaration of the rights and relation of the parties and for the enforcement of that agreement. The action is captioned as a class action but the complaint contains no allegations indicating that it is brought by the plaintiffs in a representative class capacity. Two of the grandsons sue on their own behalf and to the use and benefit of two additional named grandsons. It is alleged that the first two named plaintiffs have reached maturity and have completed their schooling but no allegation in this connection is made concerning those two grandsons to whose use and benefit the action is allegedly commenced.
It is unnecessary to determine whether the defendants are entitled to dismissal pursuant to subdivision 2 of rule 106 since the court reaches the conclusion that dismissal is required pursuant to subdivision 4 of rule 106. The court in its discretion may decline to entertain jurisdiction of the action if it is not properly representative. Not only is no single fund or property involved in the enjoyment of which all of the grandsons are concerned, but more important, the action is of such a nature that the choice to litigate or not to litigate should be left to the individual election of each grandson and not to the election of some of them. For these reasons the complaint must be dismissed. In repleading the plaintiffs will recast the caption and the two named plaintiffs suing on their own behalf will state a cause of action in *579 their behalf alone. In addition, they will state whether the agreements relied on were oral or written. Finally, the allegations of paragraph 26 of the complaint are impertinent and improper. The motion is granted accordingly with leave to the plaintiffs to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.
(Supplemental Decision, May 10, 1960.)
The defendant corporation moves for dismissal of the complaint pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice. The complaint has been dismissed as to the individual defendants (see disposition of companion motion published simultaneously herewith). While no relief is sought against the subject corporation, nevertheless it is a proper party to effectuate the relief sought with respect to the individual defendants. The motion is denied upon the ground urged but the plaintiffs will be required to amend the complaint with respect to the corporate defendant as well as to the individual defendants. Let the amended complaint be served within 20 days from service of a copy of this order with notice of entry.